```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA

          -against-                    MEMORANDUM & ORDER
                                       14-CR-0264-1(JS)(ARL)
DERICK HERNANDEZ,

                    Defendant.
----------------------------------X
```

SEYBERT, District Judge:

Defendant/Petitioner Derick Hernandez ("Defendant"), who is proceeding pro se, has filed three letter requests with the Court. First, by letter dated November 30, 2020, Defendant raises concerns surrounding the COVID-19 pandemic and the conditions of his confinement (the "November 30 Letter"). (Nov. 30 Ltr., ECF No. 680.) Second, by letter dated December 16, 2020, Defendant requests that the Court "look into" its finding at sentencing that he is not a career offender (the "December 16 Letter"). (Dec. 16 Ltr., ECF No. 685.) Third, by letter dated February 8, 2021, Defendant asks the Court to reconsider its decision denying him pro bono counsel in connection with his petition pursuant to 28 U.S.C. § 2255 (the "February 8 Letter"). (Feb. 8 Ltr., ECF No. 688.) As discussed below, the November 30 Letter request is DENIED without prejudice; the December 16 Letter request is GRANTED insofar as the Court reiterates its conclusions and findings at sentencing; and the February 8 Letter request for reconsideration

is GRANTED and, upon reconsideration, the Court adheres to its prior ruling.

I. <u>The November 30 Letter Request for Compassionate Release</u>

In the November 30 Letter, Defendant states that "USP Canaan is on lockdown," that "Canaan is not making good enough decisions to keep us safe," and that he has a "young daughter [he] would like to see grow up," but he fears "if [he] catch[es] COVID-19 [he] won't be able to." (<u>See</u> Nov. 30 2020 Ltr.) The Court construes the November 30 Letter request as one seeking relief pursuant to the First Step Act, <u>see</u> 18 U.S.C. § 3582(c)(1)(A). The First Step Act allows a court to modify a defendant's sentence upon a motion of either (1) the Director of the Bureau of Prisons ("BOP") or (2) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Thus, where a defendant seeks relief under the First Step Act, the defendant must first make his request to the BOP, which is provided a 30-day window within which to act; only if the defendant's request is denied or the 30-day period has expired without the BOP acting may a defendant then seek relief from the Court. <u>See</u> <u>United States v. Woodson</u>, 452 F. Supp. 3d 31, 34 (S.D.N.Y. 2020) (declining to waive statutorily mandated

2

exhaustion requirement of the First Step Act in denying, without prejudice, request for compassionate release based upon concerns regarding COVID-19); see also id. at 36 (collecting cases where courts denied compassionate release requests because defendants had not first sought relief from the BOP).

Here, there is no evidence that Defendant made his compassionate release request to the warden, or that he otherwise began the process of seeking administrative relief, as is statutorily required. In the absence of evidence showing compliance with the First Step Act, Defendant's November 30 Letter for compassionate release is DENIED without prejudice. If Defendant (1) fully exhausts his BOP administrative remedies and receives an unfavorable disposition, or (2) submits a request to the prison warden, but does not receive a decision within the 30-day time-period the BOP has to act, Defendant may then properly seek judicial relief, which should include evidence of complying with the First Step Act's mandatory administrative exhaustion requirement.

II. The December 16 Letter Request for Sentence Clarification

In the December 16 Letter, Defendant represents that he received a document from his "unit manager" indicating that he is a career offender. (Dec. 16 Ltr.; see id. at p. 4 (noting a "Chapter Four Enhancement: 37 – Due to being a Career Offender"); id. at p. 6 ("On the last page of your PSI, it was written that

3

you are a career criminal, however, one of the qualifying offenses occurred when you were 14 and the records are sealed. It further states that, should the Court chose to sentence you without the career offense adjudgment, then the advisory guideline range [would] be between 210 and 262 months. . . . I cannot do anything for you because [your sentence is] not outside the range of 210 to 262 months.").) Defendant thus asks the Court to "look into it again and not find [him] a career offender." (Dec. 16 Ltr.)

At his sentencing, the Court adopted the advisory guidelines and imposed a sentence of twenty years' incarceration (120 months on Count 56 to run consecutively to 120 months on Count 51). (Sent'g Tr., ECF No. 391, at 23:2-8; Min. Entry, ECF No. 368.) During sentencing, the Court struck paragraph 54 of the Presentence Investigation Report ("PSR"), the "Chapter Four Enhancement" paragraph, that indicated "[t]he defendant is deemed a career offender . . . ." and instead noted that Defendant should be at "criminal history 36 with a three-point reduction." (Sent'g Tr. at 8:7-25; see PSR, ECF No. 319 (under seal).) In imposing its sentence, the Court concluded that Defendant is "not a career offender" (Sent'g Tr. at 7:4), that his total offense level was 33 (id. at 23:14-17), and that his criminal history was Category III (id.; see also id. at 8:9-10, 9:2-3). Any citation to the contrary is erroneous. (See Sent'g Tr; Min. Entry, ECF No. 368 (noting

4

"Rulings re: Guidelines are entered on the record. PSR adopted, as amended. Guidelines adopted, as amended." (emphases added)).)

III. The February 8 Letter Request for Reconsideration

Defendant asks that the Court reconsider its prior order denying his request for pro bono counsel in connection with his petition pursuant to 28 U.S.C. § 2255. (See Petition, ECF No. 606; Feb. 8 Letter.) By way of background, on February 10, 2020, the Government filed its opposition to the Petition (Opp., ECF No. 616) and by response dated March 31, 2020, Defendant submitted a reply (Reply, ECF No. 625). By letter dated May 10, 2020, Defendant asked the Court to appoint counsel to "represent [his] 2255 Davis claim." (May 10, 2020 Ltr., ECF No. 633.) In an Electronic Order dated May 14, 2020, the Court denied the request:

> "[A] habeas petitioner has no constitutional right to counsel in his habeas proceeding." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Coleman v. Thompson, 501 U.S. 722, 752-53 (1991)). Ultimately, it is within the Court's discretion whether to appoint counsel during habeas proceedings and "if the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B); Sullivan v. United States, No. 14-CV-1777, 2018 WL 1115683, at *9 (E.D.N.Y. Feb. 26, 2018). Exercising this discretion, and in light of the procedural posture of the pending motion, Petitioner's request for the Court to appoint counsel is DENIED. . . . .

(May 14, 2020 Elec. Order.)

Against this backdrop, Defendant's request that the Court reconsider its May 14, 2020 Electronic Order denying his

5

request for pro bono counsel is GRANTED.  Upon reconsideration, and for the reasons stated in the May 14, 2020 Electronic Order, the Court adheres to its prior decision.  Thus, Defendant's request for the appointment of pro bono counsel is DENIED.  See supra.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

(1)  the November 30 Letter for compassionate release (ECF No. 680) is DENIED without prejudice to renew if he can provide proof of exhausting his administrative remedy with the BOP; and

(2)  the December 16 Letter (ECF No. 685) is GRANTED insofar as the Court reaffirms that, at sentencing, it struck paragraph 54 from the PSR and concluded that it would not designate Defendant as a career offender, his total offense level was 33, and his criminal history was Category III (see supra); and

(3)  the February 8 Letter (ECF No. 688) for reconsideration of the Court's May 14, 2020 Electronic Order is GRANTED and, upon reconsideration, the Court adheres to its prior ruling and the request for pro bono counsel is DENIED; and

(4)  the Clerk of the Court shall mail a copy of this Order to the pro se Defendant.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April   15  , 2021
       Central Islip, New York