```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

        -against-                        ORDER
                                         14-CR-0264-1(JS)(ARL)
DERICK HERNANDEZ,

                Defendant.
-----------------------------------X
```

SEYBERT, District Judge:

Defendant Derick Hernandez ("Defendant"), proceeding pro se, has requested that the Court amend his Presentence Investigation Report ("PSR") to remove Paragraph 63, detailing a 2013 New York state conviction for unlawful possession of marihuana (violation), because the conviction was expunged by New York's Marijuana Regulatory and Taxation Act.  (Def. Ltr., ECF No. 700; Gov't Opp., ECF No. 704; see PSR, ECF No. 319, ¶ 63 (under seal).)  The request is DENIED.

Pursuant to Federal Rule of Criminal Procedure 32, the parties may object to a PSR prior to sentencing.  It does not, however, "provide a basis for amending a PSR after the imposition of sentence."  United States v. Smalling, 644 F. App'x 3, 4 (2d Cir. 2016) (summary order); United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989) ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a [PSR] after a defendant has been sentenced").  Therefore, the Court is

without jurisdiction to amend Defendant's PSR where, as here, the request is made nearly five years after sentencing.  (ECF No. 386.)

Moreover, at the time of sentencing, the Court did not err by accepting the PSR, which included the 2013 conviction for possession of marijuana.  Smalling, 644 F. App'x at 4 n.3 ("Even if the district court did have authority to amend [defendant's] PSR post-sentencing, we note that [defendant] did not object to the inclusion of his youthful offender adjudications during sentencing, and did not raise the issue until approximately five months after the April 1, 2014 entry of judgment.  It was well within the district court's discretion to deny [defendant's] untimely motion, where there was no error in including the information in his PSR for consideration at sentencing."); see United States v. Bilal, 941 F. Supp. 2d 397, 403 (S.D.N.Y. 2013) (finding the defendant's "two prior marijuana possession convictions were properly included" in the PSR).

Therefore, Defendant's request to amend the PSR (ECF No. 700) is DENIED.  The Clerk of the Court shall mail a copy of this Order to the pro se Defendant.

**SO ORDERED.**

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: August __30__, 2021  
       Central Islip, New York