```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DERICK HERNANDEZ,

                    Petitioner,
                                              ORDER
          -against-                           14-CR-0264(JS)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Derick Hernandez, pro se
                    #83519-053
                    Federal Correctional Complex, Allenwood USP
                    P.O. Box 3500
                    White Deer, Pennsylvania 17887

For Respondent:     No appearance.
```

SEYBERT, District Judge:

In July 2021, Petitioner Derick Hernandez ("Petitioner") requested that the Court amend his Presentence Investigation Report ("PSR") to remove Paragraph 63, detailing a 2013 New York state conviction for unlawful possession of marijuana (violation), because the conviction was purportedly expunged by New York's Marijuana Regulatory and Taxation Act.  (See PSR Amendment Motion, ECF No. 700; Gov't Opp'n, ECF No. 704; see also PSR, ECF No. 319, ¶ 63 (under seal).)  The Court denied the PSR Amendment Motion finding it lacked the authority to do so.  (See August 30, 2021 Order, ECF No. 710.)

Now, Petitioner renews his request that the Court "remove the marijuanna [sic] count from my psr," arguing "[i]t'll be a huge difference when it comes to my jail placement." (Renewed Motion, ECF No. 760.)  He relies upon "President Biden pardon[ing] people with marijuanna [sic] possession" convictions in bringing his Renewed Motion.  (Id.)  Upon consideration of his Renewed Motion, the Court finds no basis to amend Petitioner's PSR.

First:  As the Court initially explained, which explanation is equally applicable to the instant Renewed Motion:

> Pursuant to Federal Rule of Criminal Procedure 32, the parties may object to a PSR prior to sentencing.  [Criminal Rule 32] does not, however, "provide a basis for amending a PSR after the imposition of sentence." United States v. Smalling, 644 F. App'x 3, 4 (2d Cir. 2016) (summary order); United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989) ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a [PSR] after a defendant has been sentenced").  Therefore, the Court is without jurisdiction to amend Defendant's PSR where, as here, the request is made [more than six] years after sentencing.  (ECF No. 386.)
> Moreover, at the time of sentencing, the Court did not err by accepting the PSR, which included the 2013 conviction for possession of marijuana. Smalling, 644 F. App'x at 4 n.3 ("Even if the district court did have authority to amend [defendant's] PSR post-sentencing, we note that [defendant] did not object to the inclusion of his youthful offender adjudications during sentencing, and did not raise the issue until approximately five months after the April 1, 2014 entry of judgment.  It was well within the district court's discretion to deny [defendant's] untimely motion, where there was no error in

> including the information in his PSR for consideration at sentencing."); see United States v. Bilal, 941 F. Supp. 2d 397, 403 (S.D.N.Y. 2013) (finding the defendant's "two prior marijuana possession convictions were properly included" in the PSR).

(Aug. 30. 2021 Order at 1-2 (emphasis added; first and third sets of brackets added).)

Second: Petitioner's reliance upon President Biden's October 6, 2022 Proclamation Granting Pardon for the Offense of Simple Possession of Marijuana (hereafter, the "Proclamation") is misplaced. In relevant part, President Biden's Proclamation:

> grant[s] a full, complete, and unconditional pardon to . . . all current United States citizens and lawful permanent residents who have been convicted of the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. 844 and as previously codified elsewhere in the United States Code . . . ; which pardon shall restore to them full political, civil, and other rights.

Presidential Proclamation: Granting Pardon for the Offense of Simple Possession of Marijuana (Pres. Joseph R. Biden, Jr. Oct. 6, 2022), available at https://www.whitehouse.gov/briefing-room/presidential-actions/2022/10/06/granting-pardon-for-the-offense-of-simple-possession-of-marijuana/ (last visited Dec. 13, 2022). The intention of President Biden's "proclamation is to pardon only the offense of simple possession of marijuana **in violation of Federal law** . . . and not any other offenses related to marijuana or other controlled substances." (Id. (emphases

added).)  Moreover, no language in the Proclamation "shall be construed to pardon any person for any other offense, including possession of other controlled substances, whether committed prior, subsequent, or contemporaneous to the pardoned offense of simple possession of marijuana." (Id.)

Thus, because (1) the Proclamation does not apply to state law marijuana convictions, and (2) the subject marijuana conviction Petitioner seeks to have removed from his PSR is a state conviction based upon state law, even if –- for argument's sake -- the Court had the authority to amend Petitioner's PSR, the President's pardon, announced in the Proclamation, would not permit it.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Renewed Motion (ECF No. 760) is DENIED:
2. The Court: (a) declines to issue a certificate of appealability because Petitioner has not made a substantial showing that he was denied a constitutional right, see 28 U.S.C. § 2253(c)(2); and, (b) certifies that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

3. The Clerk of Court is to mail a copy of this Order to Petitioner at his address of record, with the notation "Legal Mail" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 19, 2022
       Central Islip, New York